## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

Steven Dineen,
    Defendant

Criminal Complaint

CASE NUMBER: 08-98M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about _June 4, 2008_ in the District of Delaware, Defendant Steven Dineen did knowingly:

1) possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2);_ and
2) possess with intent to distribute cocaine base,
in violation of Title ___21___ United States Code, Section(s) _841(a)(1) and (b)(1)(C)._

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_
and that this complaint is based on the following facts:
    See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

                              Steven Parrott
                              Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 4, 2008                      at  Wilmington, DE
Date                                      City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

FILED
JUN 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on June 4th, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

    *Steven Parrott*

4. Your affiant reviewed the criminal history information for the Defendant from the Delaware Justice Information System and learned that the defendant has at least the following prior felony convictions in which he faced imprisonment for a period exceeding one year: A. Delivery of a Narcotic Schedule II Controlled Substance, on or about 07/15/2002, Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance, on or about 02/02/1999, Reckless Endangering-Unlawfully Takes Possession or Control of a Motor Vehicle, on or about 11/04/1996. All of these convictions were in the Superior Court of New Castle County Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following: Officer 1 is a detective with the Drug, Organized Crime and Vice unit. Officer 1 and other members of his unit served a search warrant at a residence in Wilmington, Delaware. When they entered the house they found the defendant to be the only person in the house.

6. Officer 1 told your affiant the following. While searching the house and curtilage pursuant to the search warrant officers found a clear plastic bag containing numerous chunks of an off-white substance which appeared, based on their training and experience, to be crack cocaine. This substance was subsequently weighed by Officer 1 and field tested by another member of the unit. The substance and it's packaging weighed approximately 13.4 grams. The substance field tested positive for cocaine base.

7. Officer 1 told your affiant the following. Also during the search of the house and curtilage an officer discovered a handgun concealed inside a barbecue grill in the back yard. The firearm was seized and held in the possession of officers in that unit. Your affiant later inspected the firearm and determined it to be a Colt model 1911A1, .45 caliber semi-automatic handgun, serial number 1661833. There were seven rounds of ammunition found in the firearm's magazine.

8. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. This agent determined that the seized firearm was manufactured in a state other than Delaware and therefore would have had to cross state lines in prior to its possession in Delaware.

9. Officer 1 told your affiant the following. The defendant was transported to WPD Detective Division. He was given his Miranda warnings, which he waived. He signed a waiver form confirming his waiver of his rights. The defendant provided a videotaped statement to Officer 1 wherein he admitted that the suspected cocaine base and the firearm which were seized from his residence were his. He stated that he sells cocaine base and that the firearm was for his protection. He stated that he was afraid of being robbed if others noticed that he was doing well financially.

10. Your affiant spoke with a special agent from the United States Drug Enforcement Administration who is certified as a drug expert. Your affiant provided the facts of the case to this agent and he stated that, in his expert opinion, the defendant possessed the cocaine base with the intent to distribute same. He based this opinion partly on the significant amount of cocaine base seized, the lack of paraphernalia to use cocaine base and the defendant's admission that he possessed the cocaine base to sell.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did: (1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2); (2) possess with intent to distribute cocaine base, in violation of Title 21, U.S.C., Section 841(a)(1) and (b)(1)(C).